26 F.3d 135
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Matthew R. VENTOZA; Candice Scott; Harold Ugles; Brad
Bakken; Barry Brockmann, Plaintiffs-Appellants,
v.
INTL LONGSHOREMEN & WAREHOUSEMEN UNION; ILWU Local # 19, Defendants,
and
Gene Minetti, Intervenor-Appellant.
 No. 93-35574.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 24, 1994.*
Decided June 1, 1994.
 
 Before: HUG, D.W. NELSON, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gene Minetti appeals pro se the district court's denial of his Fed.R.Civ.P. 24(a) motion to intervene in a certified class action lawsuit brought by identified casual (non-registered) longshore workers against the International Longshoremen's and Warehousemen's Union, Local 19 (ILWU), and the Pacific Maritime Association (PMA). We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 We review de novo the district court's denial of a Rule 24(a) motion to intervene as of right.[1] Scotts Valley Band of Pomo Indians v. United States, 921 F.2d 924, 926 (9th Cir.1990).
 
 
 4
 We apply a four-part test in considering claims for intervention under Rule 24(a)(2):
 
 
 5
 [f]irst, the applicant's motion must be timely; second, the applicant must assert an interest relating to the property or transaction which is the subject of the action; third, the applicant must be so situated that without intervention the disposition of the action may, as a practical matter, impair or impede its ability to protect that interest; and fourth, the applicant's interest must be inadequately represented by the parties to the action.
 
 
 6
 Id.; accord Westlands Water Dist. v. United States, 700 F.2d 561, 563 (9th Cir.1983).
 
 
 7
 Here, we need only consider the second and third elements of the test. The timeliness of the motion is not disputed. Further, because the ILWA and PMA do not share Minetti's interest, they will not necessarily act to protect his interest. See, e.g., Scotts Valley Band of Pomo Indians, 921 F.2d at 927 (addressing only the second and third elements of Rule 24(a)(2) test).
 
 
 8
 The underlying action involves a class action lawsuit filed against ILWU and PMA. The class compromises approximately eighty "identified casual longshore workers in the Seattle Port who were provided sequence numbers pursuant to the 1979-1980 registration process." In their complaint, the class of identified casual longshore workers allege that ILWU and PMA breached a collective bargaining agreement to register them by sequence number for Class B registration, which presumably would entitle them to additional employment benefits. Additions to Class B registration are made from the identified casual longshore workers.
 
 
 9
 Minetti, who is neither a member of the class nor an identified casual longshore worker in the Port of Seattle, filed a motion to intervene as of right. Minetti argues that: (1) he has an interest in becoming a registered longshore worker and a union member and (2) the current longshore registration process is nepotistic and discriminatory. The district court issued a minute order denying Minetti's motion to intervene. We discern no error.
 
 
 10
 Minetti's interest in becoming a registered longshore worker and a union member "is not a legally protectible interest that can support ... [Minetti's] intervention as a party in a suit involving rights under [a] contract [ ] to which ... [he] is not a party." See Westlands Water Dist., 700 F.2d at 563. Minetti's interest does not involve the contract at issue, but rather his claims of nepotism and discrimination in the current longshore registration process. The dispute before the district court, however, involves the legal effect of the contract, not claims of nepotism and discrimination. Finally, Minetti has failed to show that his asserted interests will be impaired or impeded by the outcome of this action.
 
 
 11
 Therefore, we conclude that Minetti failed to show that he met the requirements for intervention as a right under Rule 24(a). The district court's order denying dismissal was proper.[2]
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Rule 24(a) provides that:
 Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.
 
 
 [2]
 We reject as frivolous Minetti's argument that the district court's minute order is invalid. Finally, because Minetti failed to raise his remaining arguments before the district court, we decline to consider them. See Pacific Express, Inc., v. United Airlines, 959 F.2d 814, 819 (9th Cir.) (declining to consider argument raised for first time on appeal), cert. denied, 113 S.Ct. 814 (1992)